IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES LARRY HUNNICUTT,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:21-cv-01481-L (BT) |
| DIRECTOR TDCJ-CID,<br>Defendant. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* civil action brought by Plaintiff Charles Larry Hunnicutt, an inmate at the Texas Department of Criminal Justice (TDCJ) in Huntsville, Texas. Hunnicutt filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court in case number 3:20-cv-3375-L-BT. On June 24, 2021, the Court severed certain civil claims from a letter filing in Hunnicutt's habeas action and opened this civil rights action under 42 U.S.C. § 1983. The next day, the Court sent Hunnicutt a Notice of Deficiency and Order (ECF No. 5), which ordered him to pay the filing fee or file a motion to proceed *in forma pauperis*, submit his claims on the court-approved form, and file a complaint in compliance with Rule 8(a) by July 26, 2021. The Order informed Hunnicutt that failure to respond and cure the deficiencies by July 26, 2021 could result in a recommendation that his case be dismissed. The July 26 deadline passed, and Hunnicutt failed to comply with the Court's order. Therefore, the Court should dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

1

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Hunnicutt has failed to comply with the Court's order to either pay the filing fee or file a motion to proceed *in forma pauperis,* submit his claims on a court-approved form, and file a complaint in compliance with Rule 8(a). This litigation cannot proceed until he cures these deficiencies. Hunnicutt has failed to prosecute his lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

The Court should dismiss Hunnicutt's complaint without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed August 2, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

     A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).